IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31129
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN DALE SHANAHAN,

Defendant-Appellant.

* * * * * * * * * *
CONSOLIDATED WITH
No. 98-31139
* * * * * * * * * *

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA ANN SHANAHAN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CR-289-2-R
- - - - - - - - - -

July 29, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

Norman Dale Shanahan and Patricia Ann Shanahan entered a

conditional guilty plea to possession of methamphetamines with

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the intent to distribute.  They contend on direct appeal that the

district court erred in refusing to suppress evidence found by and statements made to the police during a search of their home.

In reviewing a district court's ruling on a motion to suppress based on live testimony at a suppression hearing, this court must accept the district court's findings of fact unless they are clearly erroneous or influenced by an incorrect view of the law.  United States v. Foy, 28 F.3d 464, 474 (5th Cir. 1994).  Voluntariness of consent to enter a residence or make a search "is 'a question of fact to be determined from the totality of all the circumstances.'" United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993)(citation omitted).  Whether an interrogation is custodial, requiring that the detainee be given warnings under Miranda v. Arizona, 384 U.S. 436 (1966), is a legal question subject to *de novo* review.  See United States v. Paul, 142 F.3d 836, 843 (5th Cir.), cert. denied, 119 S. Ct. 271 (1998), petition for cert. filed (U.S. Feb. 5, 1999)(No. 98-9429).

The district court's findings regarding whether the entry of the police into the Shanahans' home was voluntarily permitted was not clearly erroneous.  Likewise, the district court's determination that the Shanahans voluntarily signed the consent-to-search form was not clearly erroneous under the six-factor test of Kelley, 981 F.2d at 1470.  A *de novo* review of whether the Shanahans were in custody at the time they made their incriminating statements shows that the Shanahans were not in custody under the four-factor test of United States v.

Bengivenga, 845 F.2d 593, 598-600 (5th Cir. 1988)(en banc).
Therefore, the refusal of the district court to suppress the
evidence seized at the Shanahans' home and the inculpatory
statements made by the Shanahans during the search is AFFIRMED.